UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAN PAL SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00374-MPB-MJD |
| | ) | |
| BRISON SWEARINGEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jay Pal Singh is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on May 13, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Singh now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or, alternatively, a bond hearing with the burden of proof on placed on the government. Dkt. 1 at 28–30.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on July 26, 2026**, Respondents must either: (1) afford Mr. Singh an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Singh from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Singh is a citizen of India who has resided in the United States since October 2024. Dkt. 1 ¶¶ 52–53. On May 13, 2026, ICE officials arrested him pursuant to an I-200 administrative warrant and served him with a Notice to Appear. Dkt. 9-1 at 7–8.

The Notice to Appear charges Mr. Singh with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or

1

who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant without necessary documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II.     Discussion

Mr. Singh claims that his current detention violates the Immigration & Nationality Act ("INA") (Count I), relevant bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 57–83. Respondents argue that Mr. Singh is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A), that the bond regulations Mr. Singh identifies do not apply, and that his detention is constitutional. Dkt. 9.

The Court finds that Mr. Singh's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Singh is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229a, also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Singh Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Singh is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Singh who have lived in the interior of the United States for years.[1] *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

---

[1] Here, Mr. Singh has lived in the United States for a little less than two years. But, Respondents do not argue that this is a meaningful difference, and the placement of Mr. Singh in full removal proceedings (not expedited removal proceedings) is also consistent with this difference not being meaningful.

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) ("*Castañon-Nava I*"), a decision that carries persuasive authority due to its procedural posture,[2] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. The Seventh Circuit has since issued a splintered decision, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, (7th Cir. 2026) (*Castañon-Nava II*), in which there is no majority opinion on the issue.

As Respondents discuss, other circuits throughout the country have issued decisions on the matter. *See* dkt. 9 at 8–13. Two recent circuit court decisions upheld the Respondents' interpretation of § 1225(b)(2)(A). *See id.* at 8–10 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

In contrast, three circuit courts have rejected the Respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-*

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

*Nava I. See Lopez-Campos, et al. v. Raycraft, et al.*, Nos. 25-1965/1969/1978/1982, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, et al., No. 25-14065, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. Apr. 28, 2026). The Court is not convinced that the Seventh Circuit, whenever it issues a precedential opinion on the issue, will depart from *Castañon-Nava I* (and disagree with *Lopez-Campos*, *Hernandez Alvarez*, and *Barbosa da Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.

Accordingly, the Court concludes that Mr. Singh is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

## C. Scope of Relief

Mr. Singh is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates the "laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Singh argues that he is entitled to immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Singh maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Singh's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires. Therefore, the Court grants Mr. Singh's petition and orders the Respondents to afford him a bond hearing or release him from custody.

### D. Remaining Claims

Because the Court has found that Mr. Singh's detention violates the INA, it need not reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Singh's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 1 ¶¶ 78–82. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[3] Section 1226 is silent as to the burden of proof, so Mr. Singh's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Singh's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

---

[3] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

### III.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on July 26, 2026**, Respondents must either: (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Singh from custody, under reasonable conditions of supervision.[4] No later than two business days after the bond hearing or release occurs, Respondents must file documentation certifying that they have provided Mr. Singh with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Dated:  June 17, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[4] This deadline may be modified without Court involvement upon agreement of Federal Respondents and Mr. Singh.

8